<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JESSICA AGUILAR-VAZ,<br><br>       Plaintiff,<br>v.<br><br>LANTERN HILL INC., *et al.*,<br><br>       Defendants. | Civil Action No. 24-00382 (BRM) (CLW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

  Before the Court is Plaintiff Jessica Aguilar-Vaz's ("Plaintiff") Motion to Remand. (ECF No. 5.) Defendant Lantern Hill Inc. (improperly pled, according to Defendant, as "Lantern Hill Senior Living Community, Lantern Hill Retirement Community") ("Defendant") opposed the motion. (ECF No. 7.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Plaintiff's Motion to Remand is **DENIED**.

**I. FACTUAL BACKGROUND**

  Plaintiff filed a civil action in the Superior Court of New Jersey, Law Division, Union County, on December 18, 2023, against Defendant alleging five counts in violation of the New Jersey Law Against Discrimination ("NJLAD"), New Jersey public policy, the New Jersey Family Leave Act ("NJFLA") "and/or" the Federal Family And Medical Leave Act ("FMLA"), and respondeat superior. (ECF No. 1 Ex. A.) On December 27, 2023, Plaintiff filed an Amended

Complaint alleging the same in the Superior Court of New Jersey, Law Division, Union County. (*Id*. at Ex. B.)

On January 23, 2024, Defendant removed the case to this Court on the basis of federal question jurisdiction. (ECF No. 1.) Plaintiff filed a Motion to Remand this case to the Superior Court of New Jersey on February 21, 2024, on the basis that this Court lacks jurisdiction. (ECF No. 5.) On February 28, 2024, Defendant filed its opposition to the motion. (ECF No. 7.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." There are two grounds for federal district court jurisdiction over a civil lawsuit. The first ground for invoking the jurisdiction of a federal court is known as federal question jurisdiction, where "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, a federal court has original jurisdiction over a civil action where there is complete diversity among opposing parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. This ground of federal jurisdiction is known as diversity jurisdiction.

Typically, a notice of removal of a civil action must be filed by a defendant within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id.* at 396–403; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted).

### III. DECISION

The parties dispute whether this Court has federal question jurisdiction over Plaintiff's claims.[1] Defendant removed this action on the basis that Plaintiff's Amended Complaint "in paragraph 8, Count III and Count IV" alleges "Defendant violated her rights under Federal Law by interfering with her rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§

---

[1] Both the Initial Complaint (ECF No. 1 Ex. A) and the Amended Complaint (ECF No. 1 Ex. B) assert a violation of the FMLA at Count IV. In the Notice of Removal, Defendant asserted the Initial Complaint, filed on December 18, 2023, was improperly served; therefore, removal was timely filed, on January 23, 2024, within thirty days after service of the Amended Complaint on December 27, 2023. (ECF No. 1 ¶ 3, 15.) "[T]he removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service." *Lukasewicz v. Valtris Specialty Chem. Co.*, Civ. A. No. 21-4128 (SRC), 2021 WL 1997397, at *3 (D.N.J. May 17, 2021); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that "mere receipt of the complaint unattended by any formal service" is insufficient to trigger the clock for removal). "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Plaintiff has not attempted to prove proper service of the Initial Complaint, nor did Plaintiff raise the issue in Plaintiff's brief. (*See generally* ECF No. 5.) Therefore, this Court agrees removal was timely filed within thirty days after service of the Amended Complaint. *See* 28 U.S.C. § 1446(b)(3).

2601 *et seq.*, and retaliating against her exercising her rights under the FMLA." (ECF No. 1 ¶ 8.) Count IV of Plaintiff's Amended Complaint states:

> Plaintiff alleges and asserts that her leave was protected pursuant to the New Jersey Family Leave Act, N.J.S.A. 34:11B-1 et. seq. and Federal Family and Medical Leave Act 29 CFR § 825.100 and that the Defendant's retaliatory termination of his position because she took said leave was unlawful in violation of N.J.A.C. § 13:14-1.15 and 29 CFR § 825.100.

(ECF No. 1 Ex. B at 6 ¶ 3.)

Plaintiff's brief in support of the motion argues no federal question is raised because Plaintiff mentioned the FMLA as "the context for her former employer's retaliatory acts in violation of the NJLAD and contrary to New Jersey's public policy based on [*Pierce v. Ortho Pharm. Corp.*, 84 N.J. 58 (1980)]." (ECF No. 5 at 7.) Plaintiff cites to *Darr v. N.M. Dep't of Game and Fish*, 403 F. Supp. 3d 967 (D.N.M. 2019) and *Parrish v. ARC of Morris Cnty., LLC*, 193 F. Supp. 3d 425 (D.N.J. 2016) for the proposition that a federal question is not presented where a plaintiff alleges an employer retaliated based on an employee exercising rights under the FMLA. (*Id*. at 4–7.)

In opposition, Defendant asserts that violations of the FMLA appear on the face of Plaintiff's Amended Complaint, specifically at Count IV, which confers jurisdiction upon this Court. (ECF No. 7 at 5–6.) Defendant properly notes that Plaintiff's specific assertion of the FMLA as a cause of action in Count IV is distinguishable from the facts in *Darr* and *Parrish*. (*See id*.) Remand was proper in *Darr* and *Parrish* where plaintiffs included the FMLA as the basis for the protected activity giving rise to plaintiffs' state-law discrimination claims; neither complaint alleged a violation of the FMLA as a cause of action. *See Darr*, 403 F. Supp. 3d at 978 (D.N.M. 2019) ("The Complaint alleges that NM Game & Fish retaliated against Darr for engaging in protected activity, to include leave taken under the [FMLA], in violation of four New Mexico

4

statutes: (i) the Whistleblower Protection Act, N.M. Stat. Ann. §§ 10-16C-1 through 10-16C-5 []; (ii) the Fair Pay for Women Act, N.M. Stat. Ann. § 28-23-1 ("FPWA") []; (iii) the Fraud Against Taxpayer Act ("FATA"), N.M. Stat. Ann. §§ 44-9-1 through 44-9-14 []; and (iv) the New Mexico Human Rights Act, N.M. Stat. Ann. §§ 28-1-7 ("NMHRA"), [].") (citations omitted); *Parrish*, 193 F. Supp. 3d at 430 (D.N.J. 2016) ("Count one alleges retaliation under the NJLAD []; count two alleges discrimination under the NJLAD []; count three alleges 'aiding and abettor liability under the [NJLAD]' []; and count four alleges retaliation in violation of CEPA [].") (citations omitted).

Here, in contrast, the FMLA appears in the Amended Complaint as the basis for protected activity which gave rise to Plaintiff's state-law based discrimination claims *and* as a cause of action in Count IV. (*See* ECF No. 1 Ex. B at 3, 6, 7.) Although Plaintiff is the "master of [her] claim," the complaint clearly asserts an FMLA claim on its face. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936) (holding that federal jurisdiction exists where a federal question appears on the face of plaintiff's properly pleaded complaint). As a result, this Court has subject-matter jurisdiction because federal law—the FMLA—is the basis for a cause of action in Plaintiff's Amended Complaint. *See* 28 U.S.C. § 1331; *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27–28 (1983). Consequently, this Court has supplemental jurisdiction over Plaintiff's state-law claims which arise out of the same operative facts underlying Plaintiff's federal claim: Plaintiff's employment relationship with Defendant. *See* 28 U.S.C. § 1367(a); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966) ("[S]tate and federal claims must derive from a common nucleus of operative fact.").

**IV.   CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Remand (ECF No. 5) is **DENIED**. Plaintiff may amend her complaint as appropriate by May 21, 2024.


Dated: April 30, 2024                                         */s/ Brian R. Martinotti*
                                                              **HON. BRIAN R. MARTINOTTI**
                                                              **UNITED STATES DISTRICT JUDGE**